IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Ralph Mangle, | C/A No.: 6:17-cv-01825-AMQ-KFM |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| Greenville Health System and Beverly Morrow, | |
| Defendants. | |

This matter is before the Court for review of the Report and Recommendation ("Report") of United States Magistrate Judge Kevin F. McDonald recommending that this Court grant the Renewed Partial Motion to Dismiss and Motion for Partial Judgment on the Pleadings filed by Defendants Greenville Health System and Beverly Morrow ("Defendants"). (ECF No. 39.) For the reasons set forth below the Court adopts the Report and grants Defendants' Partial Motion to Dismiss and Motion for Partial Judgment on the Pleadings.

**BACKGROUND**

Plaintiff Ralph Mangle ("Plaintiff") filed his Complaint in state court on June 6, 2017, and Defendants removed the action to federal court on July 11, 2017. (ECF No. 1.) Defendants filed their Answers on July 12, 2017. (ECF Nos. 7, 8.) On August 16, 2017, Defendants filed their Partial Motion to Dismiss and Motion for Partial Judgment on the Pleadings. (ECF No. 18.) Thereafter, Plaintiff filed a Motion to Amend his Complaint, to which Defendants consented. (ECF No. 19.) Plaintiff filed his Amended Complaint on September 22, 2017. (ECF No. 24.) In the Amended Complaint, Plaintiff alleges the following causes of action: (1) race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981; (2)

retaliation for protected activity in violation of Title VII and 42 U.S.C. § 1981; (3) deprivation of rights under color of law under 42 U.S.C. § 1983; and (4) wrongful failure to train and supervise agents and employees pursuant to 42 U.S.C. § 1983.  (ECF No. 24.)

Defendants filed their Renewed Partial Motion to Dismiss and Motion for Partial Judgment on the Pleadings on November 3, 2017.  (ECF No. 28.)  Plaintiff filed his Memorandum in Opposition on November 17, 2017 (ECF No. 29), and Defendants filed their Reply on November 27, 2017 (ECF No. 32).  The Magistrate Judge issued his Report on March 13, 2018 (ECF No. 39), to which Plaintiff filed timely objections (ECF No. 40).

## **LEGAL STANDARD**

The Magistrate Judge makes only a recommendation to this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight, and the responsibility for making a final determination regarding a case remains with this Court. *Id*.  The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Parties may file written objections to a Magistrate Judge's Report within fourteen days after being served a copy of the Report. 28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2) ("[A] party may file specific written objections to the proposed findings and recommendations.").  This Court must "make a de novo determination *of those portions* of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 18 U.S.C. § 636(b)(1) (emphasis added).  However, absent a timely, specific objection—or as to those portions of the Report to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

**ANALYSIS**

Plaintiff objects to the portion of the Report "relating to the dismissal of Plaintiff's First and Second Causes of Action that assert claims arising under 42 U.S.C. § 1981" and requests that the Court either deny Defendants' motion outright or, alternatively, merge his claims arising under 42 U.S.C. §§ 1981 and 1983. In light of this objection, the Court must conduct a de novo review of the portion of the Report recommending that the Court grant judgment on the pleadings as to Plaintiff's first and second causes of action.

First, the Magistrate Judge applied the proper the standard of review to Defendants' motion. "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion to for judgment on the pleadings under Rule 12(c) is analyzed under the same standard as s Rule 12(b)(6) motion to dismiss for failure to state a claim. *Edwards v. Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint[.]" *Id.* A plaintiff's complaint should set forth "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). In considering a motion to dismiss under Rule 12(b)(6), a court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff . . . ." *Nemet*

*Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). A court should grant a Rule 12(b)(6) motion if, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

Turning to the Report, the Magistrate Judge concluded that Plaintiff's § 1981 claims set forth in his first and second causes of action should be dismissed as to both Defendants because Plaintiff failed to assert claims under § 1983 for the conduct that formed the basis of the alleged § 1981 violations. (ECF No. 39 at 6-8.) In reaching this conclusion, the Magistrate Judge noted that Plaintiff's Amended Complaint alleges two independent causes of action under § 1981 for race discrimination and retaliation, whereas Plaintiff's two causes of action under § 1983 allege interference with Plaintiff's due process rights (discharge prior to hearing) and failure to train/supervise employees. *Id*. Because Plaintiff did not assert claims under § 1983 based on the alleged violations of § 1981, the Magistrate Judge concluded that Plaintiff's § 1981 claims fail as a matter of law.

Plaintiff contends the Magistrate Judge's finding that he did not assert claims under § 1983 based on Defendants' alleged violations of § 1981 is erroneous. Rather, Plaintiff asserts that he properly incorporated his § 1981 claims into his § 1983 claims by reference in his Amended Complaint. (ECF No. 40 at 2-3). Specifically, Plaintiff argues that he incorporated his § 1981 claims into his third cause of action (alleging deprivation of his rights under § 1983) through

paragraphs 51[1] and 52[2] of his Amended Complaint. Thus, Plaintiff contends that his claims under § 1981 should be merged with his § 1983 claims rather than being dismissed. *Id.* Plaintiff further avers that by retaining his § 1981 claims, his claim for failure to promote as well as the discrimination and retaliation claims against Defendant Morrow would also survive. (ECF No. 40 at 3-4.)

Accepting all allegations in Plaintiff's Amended Complaint as true and drawing all reasonable factual inferences from those facts in Plaintiff's favor, it appears certain that Plaintiff cannot prove any set of facts in support of his claim entitling him to relief in his first and second causes of action under § 1981. The threshold issue is that § 1981, as a matter of law, does not provide the basis for a proper cause of action. "[T]he express action at law provided by § 1983 for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor." *Jett v. Dallas Independent School District*, 491 U.S. 701, 735 (1989) (internal quotations omitted). The Fourth Circuit Court of Appeals has held that this aspect of the Supreme Court's holding in *Jett* was not affected by the Civil Rights Act of 1991, which added subsection (c) to § 1981. *Dennis v. Cty. of Fairfax,* 55 F.3d 151, 156 n. 1 (4th Cir. 1995) (citing 42 U.S.C. § 1981(c) ("The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.")). Thus, the Fourth Circuit relied on *Jett* in reaffirming that "when suit is brought against a state actor, § 1983 is the 'exclusive federal remedy for violation of the rights guaranteed in § 1981.'"

---

[1] Paragraph 51 of Plaintiff's Amended Complaint states as follows: "Plaintiff realleges all previous paragraphs as if fully stated herein." (ECF No. 24 at 9.)

[2] Paragraph 52 of Plaintiff's Amended Complaint states as follows: "In the course of depriving Plaintiff of his due process rights, as detailed *supra*, Defendant GHS' employees and agents, including Defendant Morrow, acted contrary to Defendant GHS' own policy and with deliberate indifference to Plaintiff's constitutional due process and property rights." (ECF No. 24 at 9-10.)

5

*Dennis*, 55 F.3d at 156 (quoting *Jett*, 491 U.S. at 733). Causes of action one and two in the Amended Complaint are brought under § 1981, not § 1983. Therefore, they fail to state a claim as a matter of law.

Some courts have held that in situations where all named defendants are state actors and the complaint alleges a § 1983 claim covering the same factual matters as the § 1981 claim, courts may either dismiss the § 1981 claim or merge the § 1981 claim with the § 1983 claim. *Googerdy v. N. Carolina Agr. & Tech. State Univ.*, 386 F. Supp. 2d 618, 624 (M.D.N.C. 2005). Relying on these decisions and an argument to not place "form over substance," Plaintiff asks this Court to merge the § 1981 claims into the § 1983 claims. However, upon review of the Amended Complaint, the Court finds Plaintiff's allegations in his first and second causes of action are separate and distinct from the allegations in his third cause of action. In his first and second causes of action, Plaintiff asserts claims for race discrimination and retaliation as to both Defendants under §1981 and Title VII of the Civil Rights Act of 1964. In his third cause of action, Plaintiff asserts a § 1983 claim for deprivation of his due process rights (discharge prior to hearing). More specifically, rather than just reincorporating the prior paragraphs, Plaintiff goes into specific, new allegations in his third cause of action. Paragraphs 52 to 55 of the Amended Complaint provide the basis of Plaintiff's claim that his due process rights were violated. Because these allegations are not the same as the § 1981 allegations, Plaintiff's § 1981 claims cannot merge into his § 1983 claims. *See Googerdy* 386 F. Supp. 2d at 624 (noting that a court may deem a § 1981 claim merged with a § 1983 claim where the complaint alleges a § 1983 claim covering the same factual matters as the § 1981 claim).

The Court disagrees that Plaintiff's § 1981 claims are saved by the incorporation language used in paragraphs 51 and 52 of his Amended Complaint. It is well-settled that incorporation by

reference under Federal Rule of Civil Procedure 10(c) must be "direct and explicit, in order to enable the responding party to ascertain the nature and extent of the incorporation." *Hinton v. Trans Union, LLC*, 654 F. Supp. 2d 440, 446 (E.D. Va. 2009) (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* §1326 (3d ed. 2004)). "This requirement of clarity ensures fairness to the responding party, for without this requirement 'incorporations may prove confusing and inconvenient.'" *Id.* Plaintiff's simple recital of formulaic language attempting to incorporate all prior factual allegations and all prior causes of action does not allow Defendants to ascertain the nature and extent of the incorporation. This is especially true when Plaintiff's causes of action under § 1981 and § 1983 appear to be separate, distinct lines of alleged misconduct.

The Court notes that the Magistrate Judge's determination that Plaintiff's § 1981 claims did not merge into his § 1983 claims did not result in the dismissal of Plaintiff's § 1983 causes of action. The Magistrate Judge did dismiss those claims, but the dismissal was based on the deficiencies in the pleadings as to the third and fourth causes of action. (ECF No. 39.) Plaintiff did not object to that aspect of the Report.

The Court also notes Defendants raised the same issues regarding Plaintiff's § 1981 claims in their first Motion for Partial Judgment on the Pleadings. (ECF No. 18). Plaintiff amended his complaint after Defendants filed their initial motion, but Plaintiff failed to address the issues Defendants raised regarding the § 1981 claims. (ECF No. 24.) This Court is not required to make curative inferences to work around Plaintiff's defective pleading, especially when Plaintiff has already had the opportunity to address the issues raised by Defendants. Thus, viewing the Amended Complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff's § 1981

claims fail because they were not properly pled under § 1983 and that Defendants are entitled to judgment on the pleadings as to those claims.

After de novo review of the portions of the Report to which Plaintiff made specific objections, the Court finds the Report to be proper and overrules Plaintiff's objections. As to those portions of the Report to which Plaintiff made no specific objections, the Court finds that there is no clear error on the face of the record. Accordingly, the Court adopts the Magistrate Judge's Report and incorporates the Report herein by specific reference.[3]

## **CONCLUSION**

For the forgoing reasons, Plaintiff's objections to the Report are overruled and the Magistrate Judge's Report (ECF No. 39) is hereby **ADOPTED** as the Order of this Court to the extent it is consistent with this Order. Therefore, Defendants' Renewed Partial Motion to Dismiss and Motion for Partial Judgment on the Pleadings (ECF No. 28) is hereby **GRANTED**.

**IT IS SO ORDERED**.

/s/ A. Marvin Quattlebaum, Jr.
A. Marvin Quattlebaum, Jr.
United States District Judge

July 30, 2018
Greenville, South Carolina

---

[3] As a result of this Order, only Plaintiff's Title VII claims for discrimination and retaliation (excluding Plaintiff's failure to promote claim) will proceed.